**Fnu MELI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 03–73165.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

R.App. P. 34(a)(2).

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

### MEMORANDUM **

Meli, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision that summarily affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

When, as here, the BIA affirms without an opinion, we review directly the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Sael v. Ashcroft,* 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition.

■ We conclude that the BIA did not violate Meli's due process rights by issuing a streamlined decision without an opinion. *See Falcon Carriche,* 350 F.3d at 850–53. We further conclude that Meli's contention that the IJ violated her due process rights by interrupting her testimony is unpersuasive because Meli has failed to demonstrate any prejudice resulting from the alleged violation. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999).

■ Substantial evidence supports the IJ's finding that the harm Meli suffered did not rise to the level of past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). Furthermore, substantial evidence supports the IJ's finding that Meli failed to demonstrate an objectively-reasonable fear of future persecution. While Meli is a member of a disfavored group, and therefore need only demonstrate a "comparatively low level of individualized risk in order to prove that she has a well-founded fear of future persecution," *Sael,* 386 F.3d at 927 (internal quotation omitted), the harassment, the riot, and other harm that she experienced are insufficient to compel a finding of a well-founded fear, *cf. id.* at 927–29.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Meli was unable to meet her burden to demonstrate that she was eligible for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

We further conclude that the IJ's denial of CAT relief is supported by substantial evidence. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**